(43 App. Div. 611.)

PEOPLE ex rel. MOSHER v. ROOSA et al.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

PHYSICAL EXAMINATION OF PARTY.
In mandamus against the president and trustees of a village to determine the relator's right to the office of policeman, where the issue tendered by the defense involves his physical capacity to perform the duties of the position, the court has no authority, either statutory or otherwise, to order him to submit to a physical examination.

Appeal from special term, Dutchess county.

Application for mandamus by the people, on the relation of Elijah Mosher, against Benjamin I. D. Roosa as president, and others as trustees, of the village of Matteawan. From an order requiring the relator to submit to a physical examination, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James G. Meyer, for appellant.

Samuel K. Phillips (George Wood, on the brief), for respondents.

PER CURIAM. The order in this case cannot be sustained. The proceeding is by alternative writ of mandamus to determine the relator's right to the office of chief of police or policeman in the village of Matteawan. The issue tendered by the defendants in answer to the writ involves the physical capacity of the relator to perform the duties of the position for which he is an applicant,

the averment in the return to the writ in this regard being that the relator is lame, and otherwise physically disabled, and thereby incapacitated to perform the duties of chief of police of the village of Matteawan. In the affidavit which was made the basis for granting the order from which the appeal is taken no oral examination is sought, but simply a physical examination of the person of the relator. Nor is it therein stated that the defendants are not informed of the physical condition of the relator, or that they are unable to make proof of his physical incapacity, if the same exists, by evidence already available to them. They aver as a fact that the relator is physically disabled, and, from aught that appears in the evidence, they can establish such fact without the aid of a physical examination. It is clear, therefore, that no case is made which authorized the order, even though authority in law existed for having such an examination. There is, however, no authorit‑ in law for having the examination of the person of the party such an action. Section 873 of the Code of Civil Procedure plies, in terms, to actions for the recovery of damages for persal injuries, and does not embrace such a proceeding as the present. If it did, the papers fail to disclose a case entitling the defendants to such examination, as it may only be had in connection with an oral examination of the person. Lyon v. Railway Co., 142 N. Y. 248, 37 N. E. 113. As no statute authorizes this examination, it may not be had. McQuigan v. Railroad Co., 129 N. Y. 50, 29 N. E. 235. The defendants seek to support the order as the exercise of a common-law right inherent in the power of the court to grant, basing such claim upon Devanbagh v. Devanbagh, 5 Paige, 553. This was an action for divorce upon the ground of impotency. The right is sustained in such cases by virtue of the obligation imposed upon the court to require proof of the fact at the time of the marriage, and the exercise of the power is based upon the ground of the interest of the public in such contracts. There is neither reason nor analogy between the two classes of cases. Roberts v. Railroad Co., 29 Hun, 154. It is clear that the present order is without the sanction of legal authority, either statutory or otherwise. It should therefore be reversed, and the application dismissed.

Order reversed, with $10 costs and disbursements, and application denied.